IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KATINA STIGALL, on behalf of J.K.S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-cv-01290 |
| v. ) | |
| ) | Judge Nixon |
| CAROLYN W. COLVIN, ) | Magistrate Judge Knowles |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is a Joint Motion for an Award of Attorney's Fees, Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion") (Doc. No. 25), filed by the parties in this case. In their Motion, the parties agree that Plaintiff should be granted $6,700.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*Id.*)

Under the EAJA, a prevailing party in litigation against the United States may seek attorney's fees, so long as the party files a motion for fees within thirty days after the time for appealing the judgment has ended." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (citing 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G)). Federal Rule of Appellate Procedure 4(a) establishes that parties have sixty days from the entry of judgment to appeal an order if one of the parties is a United States employee sued in an official capacity. Fed. R. App. P. 4(a)(1)(B)(iii). Thus, the thirty-day time limit for filing a motion for attorney's fees under the EAJA in a case against the Commissioner of Social Security begins once the sixty-day period for appeal of the judgment has expired. *Shalala*, 509 U.S. at 303. In social security cases, a sentence of remand to the Commissioner by the court constitutes a victory for the plaintiff, such that he or she may seek attorney's fees under the EAJA. *Shalala*, 509 U.S. at 301.

1

Here, on June 2, 2014, the Court reversed a decision of the Administrative Law Judge denying benefits to Plaintiff Katina Stigall and remanded the case to the Commissioner for further proceedings. (Doc. No. 23.) The parties then filed the instant Motion on July 30, 2014. (Doc. No. 24.) Although the Motion was filed prior to the expiration of the time period for appeal, as the Motion was jointly filed, the Court will consider it. In the Motion, the parties state that the award will be paid to Ms. Stigall's attorney, subject to any applicable offsets for pre-existing debt Ms. Stigall owes the Government. (Doc. No. 25.)

The Court finds that $6,700.00 is a reasonable award for the work performed by Ms. Stigall's counsel. Accordingly, the Motion (Doc. No. 25) is **GRANTED**.

It is so ORDERED.

Entered this the __31__ day of July, 2014.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT